IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02181-PAB-MEH

FERNANDO B. MARTINEZ, JR.,

    Plaintiff,

v.

KATHLEEN BOYD, NP #12547 (CDOC Med. Staff),
LYNN ERICKSON, NP #3453 (CDOC Med. Staff), and
ANTHONY A DECESARO, Step III G/O (CDOC) (ADA),

    Defendants.

---

**ORDER**

---

Pending before the Court is Defendants' Motion to Stay Discovery [filed May 7, 2009; docket #41]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the Motion has been referred to this Court. Oral argument would not materially assist the Court in its adjudication. Based on a clear right to relief as established by the Supreme Court and described herein, the Court decides the Motion without reviewing a response from Plaintiff. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Stay Discovery.

**I.**     **Background**

Plaintiff is a state prisoner incarcerated at the Delta Correctional Center in Delta, Colorado. Plaintiff brings this action pursuant to Section 1983 of 42 U.S.C., claiming violations of the Eighth and Fourteenth Amendments. Plaintiff alleges the named Defendants refused to provide Plaintiff with appropriate medical treatment for his tuberculosis, demonstrating deliberate indifference to his serious medical needs. (*See* docket #13.)

In response to Plaintiff's Amended Complaint, Defendants filed a Motion to Dismiss contemporaneously with the Motion to Stay presently before the Court. (*See* docket #40.) Defendants assert the Court should dismiss Plaintiff's Amended Complaint for failure to state a claim. Defendants also contend Plaintiff's claims are time-barred and do not satisfy the "persons" requirement of Section 1983 to the extent Plaintiff sues Defendants in their official capacities. Moreover, Defendants believe that they are entitled to qualified immunity for the conduct in question. Defendants' Motion to Stay relies on this assertion of qualified immunity as grounds for a complete stay in this matter. (*See* docket #41.)

## II.   Discussion

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). As all three Defendants raise qualified immunity as a defense in the pending Motion to Dismiss, the Court must follow Supreme Court precedent and order a complete stay of discovery until resolution of the immunity question.

## III.   Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery [filed May 7, 2009; docket #41] is **GRANTED**. Discovery is stayed pending resolution of Defendants' Motion to Dismiss. The parties shall file a status report within three business days of receiving a ruling on the Motion to Dismiss, indicating what changes in the Scheduling Order are needed.

It is further ORDERED Plaintiff's Notice [filed April 27, 2009; docket #38] which requests the Court to compel Defendants to provide Plaintiff with his complete medical record is **DENIED WITHOUT PREJUDICE**; and

Defendants' Motion for Extension of Time to Respond to Plaintiff's "Notice" Filed April 7, 2009 Seeking to Have Defendants Provide Him a Copy of his Entire Medical Records [filed May 7, 2009; docket #43] is **DENIED AS MOOT**.

Dated at Denver, Colorado, this 11th day of May, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge