IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02181-PAB-MEH

FERNANDO B. MARTINEZ, JR.,

      Plaintiff,

v.

KATHLEEN BOYD, NP #12547 (CDOC Med. Staff),
LYNN ERICKSON, NP #3453 (CDOC Med. Staff), and
ANTHONY A DECESARO, Step III G/O (CDOC) (ADA),

      Defendants.

---

## RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

---

      Pending before the Court is Defendants' Motion to Dismiss [filed May 7, 2009; docket #40].

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the matter is referred to this

Court for recommendation.  (Docket #42.)  The Motion is fully briefed, and oral argument would

not materially assist the Court in its adjudication.  For the reasons set forth below, the Court

**RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED**.[1]

---

      [1]Be advised that all parties shall have ten (10) days after service hereof to serve and file any
written objections in order to obtain reconsideration by the District Judge to whom this case is
assigned. Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings
or recommendations to which the objections are being made.  The District Court need not consider
frivolous, conclusive or general objections.  A party's failure to file such written objections to
proposed findings and recommendations contained in this report may bar the party from a de novo
determination by the District Judge of the proposed findings and recommendations.  *United States
v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file
written objections to the proposed findings and recommendations within ten (10) days after being
served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate
Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985);
*Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d
1159, 1164 (10th Cir. 1986).

## I.      Background

Plaintiff is a state prisoner incarcerated at the Delta Correctional Center in Delta, Colorado. Plaintiff brings this action pursuant to Section 1983 of 42 U.S.C., claiming violations of the Eighth and Fourteenth Amendments.  Plaintiff alleges the named Defendants refuse to provide Plaintiff with appropriate medical treatment for his tuberculosis ("TB"), demonstrating deliberate indifference to his serious medical needs.  (*See* docket #13.)

In response to Plaintiff's Amended Complaint, Defendants filed this Motion to Dismiss contemporaneously with a Motion to Stay.  (*See* dockets #40, 41.)  Defendants assert the Court should dismiss Plaintiff's Amended Complaint for failure to state a claim.  Defendants also contend Plaintiff's claims are time-barred and do not satisfy the "persons" requirement of Section 1983 to the extent Plaintiff sues Defendants in their official capacities.  Moreover, Defendants believe that they are entitled to qualified immunity for the conduct in question.  As further explained below, the Court agrees with Defendants and recommends dismissal of Plaintiff's Amended Complaint as time-barred, for failure to allege his Section 1983 claims with the requisite affirmative links, and for failure to state a cognizable Eighth Amendment claim.  To ensure a thorough review, the Court addresses each basis for dismissal in turn.

## II.     Standard of Review

### A.      *Failure to State a Claim*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The *Twombly*

evaluation requires two prongs of analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  *Id*. at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 1950.

   **B.**  ***Dismissal of a Pro Se Plaintiff's Complaint***

   A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  *Id*.; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).  A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"  *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### III.   Analysis

#### A.   *Statute of Limitations*

"Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules." *Rosales v. Ortiz*, No. 08-1163, 2009 WL 1154875, at *2 (10th Cir. 2009) (unpublished) (quoting *Hardin v. Straub*, 490 U.S. 536, 539 (1989)). In Colorado, Colo. Rev. Stat. § 13-80-102(g) "bars suit filed more than two years after the time the cause of action accrued."[2] *Rosales*, 2009 WL 1154875, at *2. "A § 1983 action 'accrues when facts that would support a cause of action are or should be apparent.'" *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quoting *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995)).

Plaintiff states clearly that he has "discussed [sic]/requested/demanded from medical staff my need for medical treatemnt [sic] and attention for exposure to tuberculosis (TB) virus and on approximately twelve (12) different occassions [sic] over the last eight (8) to nine (9) years." (Docket #13 at 7.) Defendants contend this statement demonstrates that "Plaintiff has known of his cause or causes of action for many years and has chosen to wait to file suit." (Docket #40 at 15.) Thus, Defendants believe Plaintiff's claims are barred by the two-year statute of limitations. (*Id.* at 14.)

"While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Prop., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citations omitted).   In his Response, Plaintiff briefly addresses

---

[2]Colo. Rev. Stat. § 13-80-102(g) establishes a two-year statute of limitations for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute."

Defendants' contentions that Plaintiff's claims are time-barred.  Plaintiff believes that because he "researched a medical journal just prior to initiating grievence [sic] procedure," the complaint is brought "well within the two (2) year requirement."  (Docket #54 at 2.)  However, in the same section of his Response, Plaintiff explains how "medical staff for the past eight (8) to ten (10) years have stated to Plaintiff 'that the (TB) could not be the reason for the above stated ailments, because the virus was 'not' in [Plaintiff's] lungs'."  (*Id*.)  As this statement summarizes the factual basis for Plaintiff's primary complaints, that is, the alleged refusal by Defendants to treat Plaintiff's TB, it appears to the Court that the accrual of the cause of action Plaintiff now seeks to claim occurred at the beginning of the "eight (8) to nine (9)" year period described in the Amended Complaint and reiterated in Plaintiff's Response.  Therefore, the Court recommends Plaintiff's Amended Complaint be dismissed as barred by the applicable statute of limitations.

### B.    Section 1983 "Affirmative Link" Requirement

In a Section 1983 claim, Plaintiff must allege an affirmative link between the Defendants' conduct and any constitutional violation in his Amended Complaint.  *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1156 (10th Cir. 2001) (citing *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)).  In order for a prison official to be liable for "deliberate indifference" under Section 1983, "the official must have been personally and directly responsible for the occurrence of the alleged Eighth Amendment violation."  *Jenkins v. Denver County Jail*, No. 99-1335, 2000 WL 84893, at *2 (10th Cir. 2000).  "A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," because the theories of respondeat superior and vicarious liability are inapplicable to Section 1983 suits.  *Iqbal*, 129 S. Ct. at 1948.  Such allegations must plausibly state an entitlement to relief, and the Court must infer "more than the mere possibility of misconduct."  *Id*. at 1950.

### 1.   Defendant DeCesaro

In this case, Plaintiff mentions only one of the remaining three Defendants by name in the body of his Amended Complaint.  Plaintiff describes how, as he proceeded through the grievance process in order to satisfy the administrative remedy requirement, he received a letter in response to his "Step III" grievance on August 14, 2008, from Defendant DeCesaro.  (Docket #13 at 8.)  According to Plaintiff, Defendant DeCesaro states in the letter that the Colorado Department of Corrections "would not investigate nor respond to [sic] and that step II greievnce [sic] will serve as 'final answer.'"  (*Id.*)  Plaintiff then contends that Defendant DeCesaro "never answered . . . accordingly to the provided time alotted [sic] in procedure of AR-850-4." (*Id.*)  Although Plaintiff does not identify the date he filed his Step 3 grievance, Plaintiff represents that he should have received a response on "approximately 1-29-08 and or 2-27-08." (*Id.* at 9.)  Plaintiff claims that the delayed response violated the Prison Litigation Reform Act and the Eighth Amendment.

Even if the Court assumed the Prison Litigation Reform Act and the Eighth Amendment provided proper private causes of action for a delay in issuing a response to an internal prison grievance, the Court deduces no injury or prejudice harming Plaintiff by the alleged delay.  Defendants explain that "the AR cited by Plaintiff states specifically that in the event a time limitation concerning any step of the grievance expires without a response, the offender may proceed to the next step within five days of the date the response was due." (Docket #40 at 12.)  Colorado Department of Corrections Regulation 850-04 sets forth a three-step grievance process for inmate grievances; thus, Plaintiff could have initiated suit after five days from the date the response to his Step 3 grievance was due.  *See Huber v. Roberts*, No. 07-cv-00681-ZLW-KMT, 2009 WL 1149493, at *3 (D. Colo. Apr. 27, 2009) (briefly describing the Colorado Department of Corrections grievance process).  Pursuant to this provision, the delay in no way inhibited Plaintiff from proceeding through

the administrative process.  Therefore, the Court finds Plaintiff fails to allege any claim against Defendant DeCesaro, and Defendant DeCesaro should be dismissed from this action.

### 2.   Defendants Boyd and Erickson

The only appearance made by Defendants Boyd and Erickson in Plaintiff's Amended Complaint is their identification as medical staff at the Centennial Correctional Facility in the list of parties.  (Docket #13 at 2.)  Plaintiff contends Defendant Boyd answered his Step 1 grievance, and Defendant Erickson answered his Step 2 grievance.  (*Id*.)  Other than broad factual allegations about the "Colorado dept. of corrections [sic] medical staff," Plaintiff offers no factual development specifically regarding Defendants Boyd and Erickson, outside of that provided in the list of parties.

In light of Section 1983's affirmative link requirement, the Court cannot infer even a possibility of misconduct by Defendants Boyd and Erickson without more specific pleading.  As stated, in the Tenth Circuit, a dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"  *Curley*, 246 F.3d at 1281-82 (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).  For the reasons explained below, even if the Court permitted Plaintiff to file a Second Amended Complaint alleging his claims with more specificity, such amendment would be futile because Plaintiff's allegations amount to, at best, a disagreement with the opinions of prison medical personnel, which is not actionable under Section 1983.

### C.   *Plaintiff's Eighth Amendment Claim*

Plaintiff states he contracted TB "approximately in or around 1999-2000."  (Docket #13 at 4.)  He asserts that he received "only six (6) days of medical treatment for TB, [and] the treatment was terminated."  (*Id*.)  Plaintiff alleges that he subsequently requested further treatment, and the

Defendants continuously refuse to provide it.  Plaintiff contends Defendants gave him a "false medical prognosis" by telling Plaintiff that "the disease is not in [his] lungs," in response to Plaintiff's requests for further treatment.  (*Id*. at 4-5.)  Plaintiff recounts that Defendants also provide "excuses" in response to his requests, by saying "the disease is not doing any damage."  (*Id*. at 6.) Plaintiff admits the prison staff subject him to monthly X-rays in order to determine the status of his TB, but believes he should be given "monthly sputum tests" instead of X-rays.  (*Id*. at 5.) According to Plaintiff, Defendants informed Plaintiff that, in their review of his claims, "the clincal [sic] standards for Tuberculosis (TB) was [sic] followed and X-Rays show no sign of tuberculosis." (*Id*. at 6.)  Plaintiff describes how he conducted further medical research in review of "the medical staffs [sic] evaluations" in order to determine that, from his perspective, further treatment is medically necessary.  (*Id*.)

Under the Eighth Amendment, prisoners are constitutionally entitled to "humane conditions of confinement guided by 'contemporary standards of decency.'"  *Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  Accordingly, prison officials must "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and . . . tak[e] reasonable measures to guarantee the inmates' safety."  *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).  Prisoners state a claim of cruel and unusual punishment under the Eighth Amendment by alleging prison officials demonstrated "deliberate indifference to a prisoner's serious illness or injury," or that prison officials "have, with deliberate indifference," involuntarily exposed a prisoner to conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993);  *Estelle*, 429 U.S. at 105.

Plaintiff must meet both the objective and subjective components constituting the test for deliberate indifference. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component is met "if the harm suffered is 'sufficiently serious' to implicate the Cruel and Unusual Punishment Clause." *Id.* (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006)). To meet the subjective component, plaintiff must demonstrate defendants "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan*, 471 F.3d at 1159 (quoting *Kikumura*, 461 F.3d at 1293). The subjective component requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Kikumura*, 461 F.3d at 1293 (quoting *Farmer*, 511 U.S. at 838). This component is equivalent to "criminal recklessness, which makes a person liable when she [or he] consciously disregards a substantial risk of harm." *Beauclair v. Graves*, 227 F. App'x 773, 776 (10th Cir. 2007) (quoting *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005)).

Importantly, a prisoner's difference of opinion with the prison's medical staff does not rise to the level of a constitutional violation. *Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993); *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (stating "a difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983"). The Tenth Circuit determined "a prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment." *Callahan*, 471 F.3d at 1160 (quoting *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)). *See also Worrell v. Bruce*, 296 F. App'x 665, 670 (10th Cir. 2008) (holding the same for decision of a prison nurse). Decisions such as a preferred course of treatment are based on medical judgment and are outside of the Eighth Amendment's scope. *Callahan*, 471 F.3d at 1160 (quoting *Estelle*, 429 U.S. at 107). A difference of opinion may amount to medical malpractice which is not

actionable under Section 1983. *Braxton v. Wyandotte County Sheriff's Dep't*, 206 F. App'x 791, 793 (10th Cir. 2006) (citing *Kikumura*, 461 F.3d at 1291). Additionally, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

The Court believes Plaintiff's allegations fail to meet either prong of the deliberate indifference test. Although TB, if active, could have serious repercussions on the health of the carrier, the medical staff in this case continue to evaluate Plaintiff's TB, as described in his Amended Complaint. Moreover, as recounted by Plaintiff, prison medical staff concluded Plaintiff's treatment requires nothing more than the monthly monitoring. As previously stated and as further explained below, a difference of medical opinion between an inmate and a prison health care provider as to a preferred course of treatment fails to establish a constitutional violation.

In the Tenth Circuit, a "[p]laintiff's belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation." *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992). Moreover, the Supreme Court concluded "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107. Persuasively, the Third Circuit determined that a prisoner's claims of deliberate indifference based on prison medical personnel not granting his request for an alternative type of TB test, and the medical personnel's decision not to provide to him his preferred choice of medication, failed to state an Eighth Amendment violation because such claims amount to disagreement with decisions made by prison medical personnel concerning medical treatment. The Third Circuit held, "that alone is not an adequate basis for

establishing an Eighth Amendment violation." *Johnson v. Watson*, 303 F. App'x 79, 80-81 (3d Cir. 2008).

Additionally, the Seventh Circuit evaluated a case in which the plaintiff alleged "he was not seen by a physician or given medication for several months after being diagnosed" with latent TB. *McRoy v. Sheahan*, 188 F. App'x 523, 525 (7th Cir. 2006). The *McRoy* Court concluded the plaintiff failed to state a claim for deliberate indifference, as latent TB did not present an objectively serious medical need. The *McRoy* Court stated, "someone with latent TB, however, is not infectious" and "someone with active TB is no longer infectious after receiving treatment." *Id*. (citing to the American Thoracic Society, Diagnostic Standards and Classification of Tuberculosis in Adults and Children (1999)). Moreover, the *McRoy* Court determined that because the plaintiff received a full course of treatment for latent TB, such treatment negated any contention of deliberate indifference. *Id*. at 525-26. Other Circuits have reached similar conclusions. *See, e.g., Lee v. Cerullo*, 287 F. App'x 145, 148 (3d Cir. 2008) (course of treatment received by prisoner plaintiff for his tuberculosis did not amount to deliberate indifference); *Clark v. Taylor*, 145 F. App'x 204 (9th Cir. 2005) (as a matter of law, difference of opinion between prisoner and prison doctors regarding treatment resulting from a misdiagnosis of active tuberculosis fails to show deliberate indifference to serious medical needs); *Dallas v. Stalder*, 73 F. App'x 79 (5th Cir. 2003) (allegations of exposure to tuberculosis, negative side effects of tuberculosis treatment medication, and subsequent requests for certain diagnostic tests amounted to disagreement with medical treatment, which is not cognizable under Section 1983); *Daniel v. Bexar County Adult Det. Ctr.*, 66 F. App'x 526 (5th Cir. 2003) (same). *Cf. Allah v. Artuz*, 86 F. App'x 455, 456-57 (2d Cir. 2004) (allegations that prison medical staff failed to inform prisoner of his tuberculosis infection and failed to treat him for such infection stated a claim for deliberate indifference).

Plaintiff contradicts his own assertions that the Colorado Department of Corrections medical staff ignored his requests for treatment.  Plaintiff contends that medical staff took no action to "treat or take care of serious infection [sic]," but then describes the monthly X-ray evaluations conducted by prison medical staff.  (Docket #13 at 5; docket #54 at 3.)  The responses Plaintiff received from medical personnel attempting to inform Plaintiff that his condition is not harmful further demonstrate that prison medical staff are, in fact, providing medical attention.  Because "a medical decision not to order an X-ray, or like measure[ ], does not represent cruel and unusual punishment," Plaintiff's allegation that medical personnel denials of his requests to be given "monthly sputum tests" constitutes, at best, a difference of opinion as to the course of treatment purposed to monitor his TB.  *Estelle*, 429 U.S. at 107.  (Docket #13 at 5.)  The cases cited above, addressing similar situations of prisoners exposed to TB, consistently hold that disagreements regarding the treatment of TB amount to no more than potential medical malpractice which is not actionable under Section 1983.  *E.g., Coppinger*, 398 F.2d at 394.  Thus, Plaintiff fails to state a plausible claim of an Eighth Amendment violation, and his Amended Complaint should be dismissed.

## IV.    Conclusion

Accordingly, the Court **RECOMMENDS** Defendants' Motion to Dismiss [filed May 7, 2009; docket #40] be **GRANTED** and Plaintiff's Complaint be dismissed with prejudice.

Dated at Denver, Colorado, this 28th day of July, 2009.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge