**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer**

Civil Action No. 08-cv-02181-PAB-MEH

FERNANDO B. MARTINEZ, JR.,

    Plaintiff,

v.

KATHLEEN BOYD, NP #12547 (CDOC Med. Staff),
LYNN ERICKSON, NP #3453 (CDOC Med. Staff), and
ANTHONY A. DECESARO, Step III G/O (CDOC) (ADA),

    Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael E. Hegarty filed on July 28, 2009 [Docket No. 62]. The Recommendation states that objections to the Recommendation must be filed within ten days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on July 28, 2009. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, I have reviewed the Recommendation to

satisfy myself that there is "no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** as follows:

1.  The Recommendation of United States Magistrate Judge [Docket No. 62] is ACCEPTED.

2.  Defendants' Motion to Dismiss [Docket No. 40] is GRANTED.

3.  Plaintiff's Amended Complaint [Docket No. 13] is dismissed with prejudice.

DATED August 27, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).